**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AUGUSTINE AGUILOR,               :
                                 :   Civil Action No. 05-5922 (DMC)
         Petitioner,             :
                                 :
    v.                           :        **O P I N I O N**
                                 :
U.S. DEPARTMENT OF HOMELAND      :
SECURITY, et al.,                :
                                 :
         Respondents.            :

**APPEARANCES:**

    AUGUSTINE AGUILOR, Petitioner pro se
    #D32588
    Bergen County Jail
    Sheriff's Detention Group
    160 South River Street
    Hackensack, NJ 07601

    Neil Rodgers Gallagher
    Assistant United States Attorney
    United States Attorney's Office
    970 Broad Street
    Suite 700
    Newark, NJ 07102
    Counsel for Respondents

**CAVANAUGH**, District Judge

At the time the instant Petition was filed, Petitioner Augustine Aguilor, was confined at the Bergen County Jail pursuant to state criminal charges, and was awaiting sentencing.[1] Petitioner submitted a petition for a writ of habeas corpus

---

    [1] Neither of the parties has advised the Court of any further change in Petitioner's circumstances.

pursuant to 28 U.S.C. § 2241.[2]  The respondents are the United States Department of Homeland Security ("USDHS"); Andrea J. Quarantillo, the District Director; and Willis Morton, the warden of the Bergen County Jail.  Respondents USDHS and Quarantillo have filed an Answer.  Because it appears from a review of the Petition and Answer that this Court lacks jurisdiction, the Court will dismiss the Petition.

### BACKGROUND

Petitioner is currently detained for violations of state law.  An immigration detainer was lodged against him on March 31, 2005, stating that "investigation has been initiated to determine whether this person is subject to removal from the United States."  The detainer requests that the USDHS receive notice if Petitioner becomes eligible for release.  (See Detainer, Exhibit A to Declaration of Neil Gallagher).  Although it is somewhat difficult to understand his claims, Petitioner appears to argue

---

[2] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

2

that his due process rights were violated, that he should not be subject to detention by the USDHS.[3]

## ANALYSIS

However liberally it construes the Petition, this Court lacks jurisdiction to grant any relief. Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States.[4] Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c). But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963). Thus, the "in custody" requirement is satisfied where an individual is subject

---

[3] Petitioner states: "Petitioner belie[ves] that subsequent time in detainment by (DHS)(ICE) should not be allowed and that is why he has not filed any motion or petitions on this matter before. Petitioner is using as an argument many factors that should be considered in the matter of subsequent detainment and does not hold ground and merit for if last detainment is unwarranted or unforseeable too."

[4] In making a custody determination, a court looks to the date that the habeas petition was filed. See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Chong v. District Director, I.N.S., 264 F3d 378, 382-83 (2001).

3

to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint.  See Obado, 328 F.3d at 717 (citations omitted).

In this vein, some federal courts have held that an alien who is not physically detained, but who is subject to a final order of removal, suffers sufficient restraint on his freedom to satisfy the custody requirement of § 2241.  See, e.g., Ceballos de Leon v. Reno, 58 F. Supp.2d 463, 469 n.14 (D.N.J. 1999) (collecting cases).  Alternatively, an alien who is confined pursuant to a criminal conviction, and who is subject to an INS detainer which seeks mere notification in advance of release, may not satisfy the custody requirement.  See Green v. Apker, 153 Fed. Appx. 77, 79 (3d Cir. 2005)(unpubl.) ("According to most courts which have considered the custody question, a prisoner who is serving a criminal sentence is not in B[ureau of] I[mmigration and] C[ustoms] E[nforcement] custody simply because the BICE has lodged a detainer against him with the prison where he is incarcerated.")(citing Garcia-Echaverria v. United States, 376 F.3d 507, 510-11 (6th Cir. 2004); Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 540-41 (5th Cir. 2003)).

Likewise, in the instant case, Petitioner is in state criminal custody, but is subject to a detainer issued by the

4

USDHS, which merely seeks notification in advance of release. Therefore, he does not satisfy the "in custody" requirement for habeas relief.

## CONCLUSION

For the reasons set forth above, the Petition must be dismissed, without prejudice, for lack of jurisdiction. An appropriate order follows.

                                                 S/ Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh
                                                 United States District Judge

Dated: 5/24/06